(Lucas County, Ohio, Court of Common Pleas.)

## BOARD OF COMMISSIONERS OF LUCAS CO. v. IRWIN I. MILLARD.

*Fees for entering and indexing cases on Court calendar—*
1. The probate judge is not required by law to keep a book in which entries are made each day of the papers filed and proceedings taken during the day, and he is not entitled to compensation for services in keeping such book, although the same is called a "court calendar."

*Fees for recording and indexing cost bills—*
2. The probate judge is required by Sec. 545, Rev. Stat., to record the cost bills in all cases, but there is no statutory provision fixing any fees for services in recording or indexing cost bills, and he is not entitled to compensation therefor.

*Fees for making and indexing entries in cash book—*
3. The probate judge is required by Sec. 1325, Rev. Stat., to keep a cash book and make entries therein, but for the same reason he is not entitled to compensation for making or indexing such entries. (Syllabus by court.)

(Decided November 23, 1896.)

PUGSLEY, J.

This is an action brought by the county commissioners to recover of the defendant the sum of $111.89, and was submitted to the court upon the petition and briefs.

It is alleged in the petition that this sum of $111.89 was paid to the defendant as fees for certain services charged by him as probate judge during the year from August 31, 1894, to August 31, 1895, and it is alleged that such charges were illegal, and that the defendant was not entitled to receive payment of the same. The fees charged were for services rendered by the defendant in cases wherein the costs were payable out of the county treasury, and were as follows: Entering cases on the court calendar, 4 cents each; indexing the same, 8 cents; recording cost bills, 8 cents per 100 words; indexing the same, 8 cents each; entering cash received on cash book, 8 cents per 100 words; indexing the same, 8 cents for each entry. The only question submitted to the court is, whether these charges or any of them are authorized by law.

Section 546, Revised Statutes, as amended March 22, 1893, (Laws of 1893, p. 105), provides what fees the probate judge shall receive for services rendered by him. It is agreed that the fees that were paid to the defendant in this case, are not specifically mentioned in section 546, but the claim is that the probate judge is required by law to keep the three books mentioned, viz: a court calendar, record of cost bills and a cash book, and to make entries in these books, and that by implication from other statutory provisions he is entitled for such services to the fees charged.

First as to the court calendar. The petition explains what that is. It is a book in which a memorandum is made of each day's business, including the filing of papers in the various matters pending before said court, in the order in which they are filed; and it is stated that the various dockets which by law the probate judge is required to keep are afterwards made up from the memoranda so made on the so-called court calendar.

The sections of the Revised Statutes which are relied upon to support the validity of this charge are the following: Sections 4957, 4964, 533, 547 and section 1260, as amended March 22, 1893.

By section 4957, the clerk of the court of common pleas is required to keep at least five books. Among these books are the trial docket and printed duplicates of the trial docket, and an index to the trial docket

[COPYRIGHT, 1897, BY CARL G. JAHN.]

and to the printed duplicates of the trial docket. By section 4964, the provisions prescribing the duties of clerks of the court of common pleas shall, so far as they are applicable, apply to clerks of other courts of record. By section 533, the probate judge is authorized and empowered to perform the duties of clerk of his own court, and the probate court is a court of record. Section 547 provides that "for any other services not herein provided for, the same fee shall be allowed as for similar services in the court of common pleas;" that is, if the probate judge is required by law to render any service, and fees therefor are not specifically fixed he shall be allowed for such services the same fees as are allowed for similar services in the court of common pleas. And by section 1260, as amended March 22, 1893, the clerk of the court of common pleas is allowed four cents for entering each case on the bar and court calendar each term, and four cents for indexing each case each term.

After a careful examination of these statutory provisions, and after a due consideration of the briefs of counsel, I am clearly of the opinion that there is no law requiring or authorizing the probate judge to keep the book which is called the court calendar. It bears no resemblance whatever, either in form or contents, or purpose, to the trial docket, or court calendar—or court docket, as it is called here—of the court of common pleas. The latter—the trial docket, or court calendar—is a book containing a list of the titles of all pending actions, together with an index, and upon that book the judge makes the entries, showing the verdicts, or judgments, or orders, that are rendered or made in the various actions. The statutory name for that book is the "trial docket." It is called the "court calendar" only in section 1260, which prescribes the fees of the clerk; but they both mean the same thing. No such book or docket is required to be kept by the probate judge. Section 528, Revised Statutes, prescribes the books which the probate judge must keep. They are twelve in number, but do not include a trial docket or court calendar; and as the statute prescribes what books the probate judge shall keep, section 4957, which provides what books the clerk of the court of common pleas shall keep, is not applicable to the probate judge. But if that section did apply, the court calendar of the probate judge in this case is wholly unlike the court calendar of the court of common pleas. According to the allegations of the petition, it is a book in which memoranda are made each day of that day's business. For example, if a paper is filed, instead of at once making the entry of the filing in the proper place on the proper docket, an entry of the filing is first made on this memorandum book; and the same is true as to any order made or action taken during the day, so that at the close of each day the memorandum book will show all the papers filed and all the proceedings taken during the day. Afterwards, from the memorandum book, the proper entries are made in the various dockets and books required by law to be kept. Calling this memorandum book a court calendar does not make it such; it would be more appropriately named, I think, a daily blotter, or a daily memorandum book. No such book is kept by the clerk of the court of common pleas; and any services rendered by the probate judge in keeping such a book are not similar to any services rendered by the clerk of the court of common pleas for which a fee is allowed. Without doubt it is a very useful book, and, I should say, from the character of it as described, a book of great convenience to the court and to the clerks, and especially to those of the public who desire to know what business has been transacted during the day, without being compelled to examine all the various books and dockets upon which the entries are required to be made. But as there is no law authorizing or requiring such a book to be kept, compensation for keeping it cannot be allowed.

Next, as to the charges for recording and indexing cost bills. Section 545, Revised Statutes, provides that each probate judge shall, in every case, examination or proceeding, make out, file, and record an itemized account of all fees by him received or charged therein. Recording the cost bills in all cases is therefore a duty imposed by law upon the probate judge. The book in which such cost bills are to be copied or recorded is "a book required by the judge in the discharge of his official duties," and therefore a book which must be furnished by the county commissioners, as provided in section 523, Revised Statutes. But compensation for copying or recording cost bills in such book cannot be allowed or charged, unless there is some statutory provision for it. An examination of section 546 shows that the only provision as to cost bills is the following: "Making cost bill, twenty-five cents, which shall be taxed but once." The legislature having provided compensation in terms for making cost bills, but saying nothing as to recording or indexing the same, it would seem that the intention was that no fees should be allowed for the latter; and, as I will explain hereafter, there seems to be good reason for the distinction.

But is it claimed that a fee for recording cost bills is allowed under the following provision of section 546, viz: "Making up complete record of any cause, eight cents for each hundred words; but no complete record shall be made in any cause except when the title to real estate is drawn in question, the court may order the same, or either party may require it at his own cost." The language of that clause is a little obscure, but I take it to mean that a complete record shall not be made in any case except when the title to real estate is drawn in question, or when the court may order it, or when either party may require it at his own cost.

There are several reasons why, as it seems to me, the claim of compensation under that clause is not tenable. In the first place, the judge is required in every case to copy or record the cost bill, but the complete record mentioned in section 546, Revised Statutes is not to be made in any case excepting the three cases there designated, and the case of a cost bill required to be recorded by law is not one of the excepted cases. In the next place Sec. 538 R. S., paragraph 7, provides what the complete record shall consist of—what papers shall make up the complete record—and the cost bill is not one of the papers mentioned. The cost bill is in each case to be copied or recorded in a book, but such record of the cost bill is not and cannot be a part of the complete record mentioned in section 546; and, in fact, it is not claimed in this case that the record of the cost bill for which a charge is made was a part of any complete record actually made. It is entirely independent of the complete record, as much as the entry of a judgment or order upon the journal. Finally, the last clause of section 546 provides that "no other compensation shall be allowed for any indexing or recording, or any other service whatsoever, that is necessary to complete the records or reports required." That is to say, in determining what compensation is allowed for indexing and recording, we must look to section 546 alone. The fee for copying or recording the cost bill in a book is not specifically provided for in that section, and the service so rendered is not a part of the service required in making the complete record therein mentioned.

As to indexing the cost bills, it is sufficient to say that there is no statute requiring that service to be performed, but if it was required, there is no statute fixing any compensation. Section 1263, Revised Statutes, which is cited, and which fixes the fees of the clerk of the court of common pleas for making "general indexes of judgments," and section 546, which provides a fee to the probate judge for "indexing each cause," does not apply. And further, the last clause of section 546, which

I have already read, plainly excludes the claim of compensation in such a case. Now, by the same section—545—which requires the judge to record the cost bill in every case, he is also required, on the first day of September, annually, to make and file with the county auditor a verified account of all fees charged or received during the next preceding year. No compensation is provided for either service. On the other hand, he is made liable to a penalty if either of these duties is not performed. The object of these requirements is manifest. It is one of the general duties which the officer is required to perform, so that by the information thus conveyed, the public may determine whether or not illegal fees are being charged.

The making of a cost bill, for which a fee is allowed, is for the parties. The rendering of such services is required in the interest of the public, and together with other duties of a similar character—and without doubt there are many such, for which no compensation is fixed—it is presumed to be fully compensated for by the privileges and specified fees and emoluments of the office.

Next, as to the charges for entering all cash received on the cash book and indexing the same: By section 1325, R. S., it is provided that "every clerk of a court of record, and every sheriff and prosecuting attorney, in each county, shall enter in a journal or cash book, to be provided at the expense of the county, an accurate account of all the moneys collected or received in his official capacity, on the days of the receipt, and in the order of time in which the moneys were so received, and such cash book shall be a public record of the office in which the same is required to be kept; and on the expiration of the term of each respective officer, it shall be delivered to his successor in office." And in this connection I will read section 1334:

"Each county treasurer, recorder, sheriff, prosecuting attorney, probate judge, commissioner and clerk of the court of common pleas of this state, shall make returns, under oath, to the county auditor of their respective counties, on the first Monday of September of each year, of the amount of fees and moneys received by them, or due them during the year next preceding the time of making such return."

It thus appears that the probate judge is required to keep the cash book and make the entries therein provided for in section 1325. No provision of any statute fixing the fees of the probate judge or the fees of the clerk of the court of common pleas is pointed out which allows compensation for making the entries in the cash book or indexing the same, and consequently none can be allowed. Much of what has already been said as to the charge for recording and indexing cost bills is equally applicable to this branch of the case, and it is unnecessary to repeat it.

The law is well settled that for any service required of a public officer he is not entitled to compensation unless the fee therefor is fixed by statute, either expressly or by the clearest implication. The rule works no injustice, because the fees actually allowed for specific services are presumed to, and, so far as is known, actually do, furnish a sufficient compensation for all the services required to be rendered. As is said by the Supreme Court in the case of Strawn v. Commissioners, 47 Ohio St. 408: "The fact that a duty is imposed upon a public officer will not be enough to charge the public with an obligation to pay for its performance; for the legislature may deem the duties imposed to be fully compensated by the privileges and other emoluments belonging to the office, or by fees permitted to be charged and collected for services connected with such duty or services." Other authorities on this subject are

Debolt v. Trustees, 7 Ohio St. 237; Anderson v. Commissioners, 25 Ohio. St. 13; Jones v. Commissioners, 11 C. C. Rep. 137; Commissioners v. Welliver, 12 C. C. Rep. 440.

For these reasons the demurrer to the petition is overruled and judgment rendered for the plaintiff.

O. W. Nelson, for plaintiffs.

King & Tracy, for defendant.